No. 20-5390

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>May 15, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| v. | ) | O R D E R |
| XIAORONG YOU, aka Shannon You, | ) | |
| Defendant-Appellee. | ) | |

Before: SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

The government appeals the pretrial release of defendant Xiaorong You, also known as Shannon You. You opposes reversal. The parties have waived oral argument. Because the facts and legal arguments are adequately presented on the briefs, the panel unanimously agrees that oral argument is not necessary. Fed. R. App. P. 34(a)(2)(C).

The government charged You with conspiracy to commit theft of trade secrets, seven counts of theft of trade secrets, and wire fraud. Following a hearing, a magistrate judge ordered You detained. You appealed the magistrate judge's order to the district court. After reviewing the record de novo, the district court overruled You's objections. You recently moved the district court to release her, arguing that she has a higher risk of contracting the COVID-19 virus while detained, travel restrictions put in place to contain the virus substantially limit her ability to flee, and restrictions on visitors at her detention facility also restrain her opportunity to meet with counsel and prepare her defense. The district court, on reexamination in light of these changed

circumstances, found that You was no longer a flight risk and released her subject to certain conditions, including a $500,000 surety bond and a deed of trust on one of her properties.

A defendant may be detained pretrial if, after conducting a hearing, a judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(1)(E). In determining whether there are conditions of release that will assure the appearance of the defendant or the safety of others, the district court considers four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)−(4). The district court may reopen a hearing if it: (1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). The court reviews the grant of a motion to reopen for an abuse of discretion. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012). The spread of COVID-19 and attendant restrictions put in place to contain it are new information not known to You at the time of her original hearing. But, given the temporary nature of those restrictions and the absence of any confirmed positive COVID-19 cases in You's detention facility, they do not undercut the district court's original determination that her detention was necessary to assure her appearance at trial.

The district court initially determined that You should be detained because she was a flight risk. We agree. The nature and circumstances of You's offenses are serious. If convicted, she faces up to ten years of imprisonment on the trade-secret charges, 18 U.S.C. § 1832, and up to twenty years of imprisonment on the wire-fraud charges, 18 U.S.C. § 1343. The trade-secret information underlying her charges—involving development of a bispenol-A-free coating for

containers—cost more than $119 million to develop. Allegedly using this information, You applied for and received a grant from the Chinese government designed to entice recipients to return to China and use their expertise to advance its technological and economic goals. She then allegedly made plans to form a company in China and/or sought employment to manufacture and profit from products developed using this information. Her charged offenses are also serious. The disclosure of trade secrets can cause considerable harm, and You allegedly used her position of trust with her employer to perpetrate the charged offenses by accessing proprietary information.

The weight of the evidence goes only to the likelihood that the defendant will pose a risk of flight and is not a pretrial determination of guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). You is a naturalized U.S. citizen who was born and raised in China. She frequently traveled to China, withheld the reasons underlying her travel from her employer, signed an employment contract with a Chinese company, and has family in China. When arrested, You was living in a sparsely furnished apartment where the arresting officers found a briefcase containing her passport, diplomas, naturalization papers, multiple identities, Chinese and American bank statements, and thousands of dollars in various currencies.

As the district court recognized, some of You's history and characteristics weighed in her favor. She is a naturalized citizen who renounced her Chinese citizenship. You has family in the United States—a husband, daughter, and sister—all willing to support her. She owns real property in Tennessee. She does not have any criminal history nor any history of drug or alcohol abuse. She has engineering degrees and has been gainfully employed in her field for years with various companies. These strengths were undercut, however, by other facts. You also has family in China, she lives separately and in a different state than her husband and family here, and none of them expressed plans to move or regularly visit her pending her trial. While highly educated and employed, she allegedly used her technical expertise to facilitate the charged offenses and had plans to leave this country for employment in China. She has minimal ties in Tennessee. She also

has a net worth exceeding one million dollars, hundreds of thousands in savings, and no debt. She has multiple foreign accounts, some of which she shared with family in China. The government cannot extradite You from China if she flees there. And, given her expertise and receipt of the grant, she can obtain employment abroad. In short, You's history and characteristics support her detention, given that she has the motive, means, and a place to flee. *See United States v. Amar*, 300 F. Supp. 3d 287, 289−90 (D.D.C. 2018).

While new, the COVID-19 pandemic and the restrictions imposed in an effort to contain the pandemic do not alter this calculus. You rightfully recognizes that the COVID-19 virus is extremely contagious, and conditions favor its more rapid transition in detention facilities. *See, e.g.*, *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *1 (N.D. Ohio Apr. 22, 2020). Nationwide, facilities have implemented measures to lessen the contagion, including limiting visitors in those facilities. But neither the parties nor the district court dispute that there are no confirmed positive cases of COVID-19 in You's present facility. Nor has You alleged that she is among those whose age or medical condition pose a greater risk if they contract the virus. Under these circumstances, her generalized fear of contracting the virus does not support her release. *See Perez-Perez v. Adducci*, No. 20-10833, 2020 WL 2305276, at *8 (E.D. Mich. May 9, 2020).

The district court correctly found that there have been myriad restrictions imposed to contain COVID-19. Among these are travel restrictions, including a stay-at-home order in Tennessee and a suspension or reduction in domestic and international flights. These restrictions, however, are temporary, and are lessening with each passing day. The facts supporting You's detention initially, however, remain unchanged. And, while she may have forfeited her passport and driver's license, she had multiple identifications in her possession when arrested. Thus, the uncertainty surrounding the continued imposition of these restrictions, weighed against the considerable evidence supporting her original detention, does not alter the original calculus that You poses a substantial risk of flight if released.

You also argues that she cannot adequately assist in her defense given the restrictions put in place to contain COVID-19's spread. To justify reopening, however, the new information must be sufficiently material to the issue of dangerousness. *United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001). Whether You can assist in her defense does not have any impact on the determination of whether conditions of release would assure her appearance. *See United States v. Petters*, No. 08-364, 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009). And, as the government reports and You does not dispute, her facility still permits counsel to meet with clients and has video-teleconferencing system permitting attorney-client communications.

The district court's order revoking defendant's order of detention is, therefore, **REVERSED**.

                                       ENTERED BY ORDER OF THE COURT

                                       Deborah S. Hunt, Clerk