UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-14 |
| | ) | |
| XIAORONG YOU | ) | |

MEMORANDUM OPINION AND ORDER

The government moves under Federal Rule of Criminal Procedure 15 for an order authorizing the pretrial depositions of two-foreign based witnesses. [Doc. 134]. The motion is unopposed by the Defendant. [Doc. 140]. The Court held a June 16, 2020 telephone hearing on the motion, during which the parties reached an agreement allowing the foreign-based depositions in question. From the bench, the Court issued a preliminary ruling permitting the pretrial depositions, and the Court now issues this memorandum opinion and order memorializing that oral ruling. For the following reasons, the Court GRANTS the government's motion, [Doc. 134].

I. **Background**

On February 12, 2019, a grand jury returned an indictment in this case charging defendant, alongside a co-defendant, with one count of conspiracy to commit theft of trade secrets in violation of 18 U.S.C. § 1832(a)(5), one count of wire fraud in violation of 18 U.S.C. § 1343, and seven counts of theft of trade secrets in violation of 18 U.S.C. § 1832(a)(3). [Doc. 3].

II. **Analysis**

Federal Rule of Criminal Procedure 15(a) provides in applicable part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial" and that "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "District courts have broad discretion to grant or refuse a Rule 15(a) motion, and they should review these motions on a case-by-case basis, examining whether the particular characteristics of each case constitute 'exceptional circumstances.' The words 'exceptional circumstances' bespeak that only in extraordinary

1

cases will depositions be compelled." *United States v. Lucas*, 516 F.3d 316, 348 (5th Cir. 2008) (quoting *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994); internal quotation marks omitted); *see also United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) ("Depositions generally are disfavored in criminal cases. Their 'only authorized purpose is to preserve evidence, not to afford discovery.' In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored." (quoting *Simon v. United States*, 644 F.2d 490, 498 n.12 (5th Cir. May 1981); citations and footnote omitted)).

The procedure for obtaining testimony from foreign witnesses who are unable to appear at trial is explicitly set forth in Federal Rule of Criminal Procedure 15(c). *See* Fed. R. Crim. P. 15(c)(3). And if a deposition is to be taken outside the United States without the Defendant present, a Court must also make certain case-specific findings. Specifically, the court must find:

> (A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution;
>
> (B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained.
>
> (C) the witness's presence for a deposition in the United States cannot be obtained;
>
> (D) the defendant cannot be present because:
>
>> (i) the country where the witness is located will not permit the defendant to attend the deposition;
>>
>> (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or
>>
>> (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and
>
> (E) the defendant can meaningfully participate in the deposition through reasonable means.

Fed. R. Crim. P. 15(c)(3).

2

1. **Materiality**

The court first addresses whether the witnesses' testimonies are material. Testimony is material within the meaning of Rule 15 if it is "highly relevant to a central issue in the case." *See United States v. Vilar*, 568 F.Supp. 2d 429, 440 (S.D.N.Y. 2008) (quoting *Drogoul*, 1 F.3d at 1556). To demonstrate materiality, the movant need not "produce affidavits from the witnesses as to their proposed testimony." *Id.* at 440 (collecting cases rejecting such a requirement) (internal quotation marks omitted); *cf United States v. Chusid*, No. 00 Crim. 0263 (LAK), 2000 WL 1449873, at *2 (S.D.N.Y. Sept. 27, 2000) (the fact that witnesses did not submit affidavits suggested they would not voluntarily appear for a deposition). However, any proffer of testimony "must alert the district court to the substance of the evidence that is at peril of being excluded." *Vilar*, 568 F. Supp. 2d at 440 (quoting *United States v. Ramos*, 45 F.3d 1519, 1523 (11th Cir. 1995)). In addition, "a court may properly deny [a] motion [to take depositions] if the proposed testimony would be cumulative" or inadmissible at trial. *United States v. Stein*, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007); *see also Drogoul*, 1 F.3d at 1555.

Defendant is under federal indictment for multiple felonies for allegedly conspiring to steal trade secrets. [*See* Doc. 3]. Defendant and her co-defendant, Liu Xiangchen, are allegedly at the center of an international multi-million-dollar metal packaging technology trade secret theft scheme. The Indictment alleges Defendant conspired to steal $119,600,000 worth of trade secret information from her former employers and five other companies. [*Id.* at 1]. Defendant and Xiangchen allegedly orchestrated stealing trade secret information to use in applying for two prestigious Chinese grant-like award programs. [*Id.* at 8].

Defendant's 2017 applications for these award programs were allegedly completely based on the stolen information. [*Id.* at 8]. The foreign-government-backed award participants are selected to move to China to use his or her expertise to promote China's economic and technological development. [*Id.* at 5-6]. Specifically, the awards are designed to entice western educated, experienced, and trained individuals to return to China to help the country meet specific technological and economic goals. [Doc. 33 at 38].

3

The prestigious awards require a competitive and stringent application process, and offer lucrative financial rewards. [*Id.*].

Unbeknownst to her American employer, defendant applied for the Chinese awards with support from Xiangchen and a Chinese company. [*Id.* at 6-7]. Defendant won both the awards. [*Id.*]. From the award compensation, Defendant and Xiangchen allegedly planned to form a new Chinese company that would own the stolen trade secret information. [*Id.*].

As part of Defendant and Xiangchen's new business strategy, they allegedly sought to enlist the assistance of an Italian company in a joint venture for the purpose of establishing a market presence for their new Chinese based company using the Italian company's established manufacturing abilities in the industry. [*Id.* at 7]. This resulted in numerous meetings between representatives of the Italian company and the Defendant to allegedly speak about the opportunities to introduce the Italian company's aluminum coating technology into the Chinese market instead of selling the technology to Defendant's previous employer, an American company. The Italian company the Defendant and Xiangchen allegedly targeted belongs to the witnesses in question.

The government asserts that the witnesses' testimony is material because of their involvement in Defendant's alleged overseas dealings with Defendant and Xiangchen, all of whom were involved in the alleged conspiracy. Moreover, these business meetings made the witnesses privy to the Defendant's alleged coordinated efforts to bring on a joint venture between Defendant's newly formed Chinese company and the Italian company. [*See* Doc. 134-1 at 2-5]. The government has established that the testimony of the witnesses could provide substantial proof of material facts in the case against Defendant. For example, both witnesses could provide evidence that shows that Defendant allegedly persistently coordinated meetings with the Italian company after her termination with her Tennessee employer in an effort to persuade the Italian company to partner with her newly formed Chinese company to enter into the Chinese metal packaging market with help from her extensive business contacts in China. These assertions are different than those of Defendant's, who claims she had no intent to develop any business relationship with the Italian company, but just wished to introduce them into the Chinese market and provide introductions

4

and connections the witnesses and the Italian company to her contacts. [Doc. 136 at 18, 24-25]. The Court agrees with this assessment and finds that the witnesses' testimonies are "highly relevant to a central issue in the case" and, therefore, are material to the government's case-in-chief. *See Vilar*, 568 F.Supp. 2d at 440.

**2. Unavailability**

The Court next turns to the issue of the witnesses' availability. The Court may order a deposition abroad under Rule 15 only if the government can establish that there is a "substantial likelihood" that the witnesses' attendance at trial cannot obtained. Fed. R. Crim. P. 15(c)(3). While the government does not have to establish that the witnesses will be unavailable at trial, the government is required to establish that the witnesses are unavailable for a deposition in the United States. Fed. R. Crim. P. 15(c)(3)(C) ("[T]he witness's presence for a deposition in the United States cannot be obtained."). "Unavailability is to be determined according to the practical standard of whether under the circumstances the Government has made a good-faith effort to produce the witness to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) (citing *Ohio v. Roberts*, 448 U.S. 56, 74 (1979)); *see also* Fed. R. Evid. 804(a)(5) (Stating that a witness is unavailable if he or she "is absent" and "the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance.").

There is no real question of whether the witnesses are unavailable. Here, it is undisputed that both witnesses are Italian citizens and reside in Bosco Margeno, Italy, and therefore, are not subject to the Court's subpoena power to appear at trial. [Doc. 134-1]. Their presence, either at a deposition in the United States or a trial, cannot be secured by "process." Thus, the Court finds that the witnesses are unavailable both for a deposition in the United States and for trial because they are beyond the subpoena power of the United States. *See Johnpoll*, 739 F.2d at 709. Further, the government represents the witnesses are expecting their first child together and the due date is close to the trial date, which would render them unavailable. [Doc. 134-1 at 2]. *See United States v. Daniels*, 194 F.R.D. 700, 702 (D. Kan. 2000) ("Representations by counsel are sufficient to establish unavailability."). Finally, the world is also in the midst of a global pandemic

5

which puts additional health and safety restraints on travel. All witnesses are unavailable for the purposes of Rule 15.

### 3. Defendant's Presence

The Defendant must also establish that "the defendant cannot be present" because "the country where the witness is located will not permit the defendant to attend the deposition," and:

> (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or
>
> (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; . . .

Fed. R. Crim. P. 15(c)(3)(D).

In this case, the Defendant is in custody pending trial. The Sixth Circuit has already held that there are no conditions of release that could ameliorate the risk of her flight. [*See* Doc. 143]. By not opposing the Government's motion to hold this deposition and by specifically requesting that the Court allow defense counsel to be present, Defendant has stipulated that Defendant will not be able to be physically present to attend the deposition in person. [Doc. 140]. For the Defendant to attend the deposition, she would need permission from Italy to enter the country, and "secure transportation and continuing custody" would need to be arranged, posing a host of logistical problems during a global pandemic. Specifically, the United States Marshals Service presently cannot secure transportation overseas to Italy. Fed. R. Crim. P. 15(c)(3)(D)(ii). Thus, the court finds that the detained Defendant cannot be present at the deposition because her secure travel and continuing custody cannot be assured.

### 4. Defendant's Meaningful Participation

The final element that the government must establish is that "the defendant can meaningfully participate in the deposition through reasonable means." Fed. R. Crim. P. 15(c)(3)(E). The parties have jointly proposed that the deposition be live streamed to where the Defendant may view the deposition and have a member of her legal defense team present. The parties also agreed to have a member of Defendant's legal team present at the depositions in Italy. The Court finds that a live-streamed video conference will allow Defendant's meaningful participation.

### III. Conclusion

For the foregoing reasons, the Court finds Federal Rule of Criminal Procedure 15 for an order authorizing pretrial deposition of two-foreign based witnesses is GRANTED. The remote deposition shall take place on <u>Friday, July 3, 2020 at 8:30 a.m.</u> Eastern Standard Time. The undersigned will participate in the remote depositions and will provide rulings on any objections in real time.

It is HEREBY ORDERED the government's motion to permit deposition testimony from Italian witnesses under Federal Rule of Criminal Procedure 15 is GRANTED. [Doc. 134].

It is hereby ORDERED that the government's motion to file documents under seal, [Doc. 135], is GRANTED. The United States District Court Clerk is DIRECTED to place said documents under seal pending further order of this Court. [Doc. 136].

So ordered.

ENTER:

                                                                   s/J. RONNIE GREER
                                                 UNITED STATES DISTRICT JUDGE