UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA,

    Plaintiff

V.                                                                            NO. 2:19-CR-00014-JRG

XIAORONG YOU,

    Defendant

**DEFENDANT'S MOTION TO DISMISS FIRST SUPERCEDING INDICTMENT (DOC. 217) PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(A)(ii) AND/OR 12(b)(3)(b)(v) AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

---

        Comes now the defendant, Xiaorong You ("Dr. You"), by and through counsel, and moves this Honorable Court for an Order dismissing the First Superseding Indictment (Doc 217) in this cause for the violation of Dr. You's due process rights under the 5th Amendment of the United States Constitution caused by excessive and prejudicial preindictment delay by the government, prosecutorial vindictiveness, and pursuant to *Federal Rule of Criminal Procedure* 12(b)(3)(A)(ii) and/or 12(b)(3)(b)(v) for failure to state an offense.

        In support of said motion, Dr. You would show:

        1.     The original Indictment in this cause was filed on February 12, 2019. (Doc. 3). The Indictment charged Dr. You with one count of conspiracy to commit theft of trade secrets in violation of 18 U.S.C. § 1832(a)(5), one count of wire fraud in

violation of 18 U.S.C. § 1343, and seven counts of theft of trade secrets in violation of 18 U.S.C. § 1832(a)(3). (Id.).

2. The First Superceding Indictment (Doc. 217) was filed over a year and a half later, on August 4, 2020. The First Superceding Indictment contained additional charges against Dr. You, namely Conspiracy to Commit Economic Espionage, in violation of 18 U.S.C. § 1831 (a)(5) and Economic Espionage, in violation of 18 U.S.C. § 1831 (a)(3). . In addition, the First Superceding Indictment added Hongmei Fan as a co-defendant.

3. Dr. You submits that the delay by the Government in presenting this matter to a grand jury has prejudiced the preparation of her defense.

4. Dr. You submits that the Government intentionally and purposefully or recklessly delayed the presentation of this matter to the grand jury in order to gain a tactical advantage in the litigation of this matter.

5. Dr. You submits that the Government engaged in prosecutorial vindictiveness in seeking a superceding indictment following Dr. You's decision to exercise her pretrial right to attempt to exclude the testimony of one of the Government's proffered expert witnesses.

6. Dr. You submits that the First Superceding Indictment fails to state an offense as to the charge of Economic Espionage and should be dismissed.

# MEMORANDUM IN SUPPORT

**I.  The First Superceding Indictment should be dismissed due to the excessive and prejudicial delay by the Government in presenting this case to the grand jury.**

"[A] successful Due Process claim for pre-indictment delay requires that a defendant establish" two elements: "(1) prejudice to his right to a fair trial, and (2) that the delay was intentionally caused by the government in order to gain a tactical advantage." *U.S. v. Atchley*, 474 F.3d 840, 852 (6th Cir. 2007) (quoting *U.S. v. Wright*, 343 F.3d 849, 859 (6th Cir. 2003)).

The trial of this matter is currently set for September 1, 2020, having been continued from the July 27, 2020 trial date due to the increase in COVID-19 cases in Greeneville, Tennessee and the surrounding areas. The First Superceding Indictment was filed less than one month before the date of the trial. Dr. You submits that the First Superceding Indictment has radically reconfigured this case, shifting the focus towards the Chinese government and the Chinese Communist Party. The Government's delay in indicting Dr. You for Economic Espionage has greatly prejudiced her right to a fair trial given the time limitations and difficulty in obtaining witness testimony due to the COVID-19 pandemic and the resulting travel restrictions.

Dr. You submits that the Government delayed indicting Dr. You on the Economic Espionage charge in order to gain a tactical advantage. In accordance with Rule 16 of the *Federal Rules of Criminal Procedure*, the United States disclosed Dr. Robert S. Spalding, III, Brig. Gen. USAF (ret.) (hereinafter referred to as "Gen. Spalding") as an

expert witness expected to testify at Defendant's trial. According to the disclosure, Gen. Spalding was to testify regarding "the Chinese Communist Party's strategy for acquiring technology from foreign sources, including U.S. sources, and the role that Chinese businesses and other entities play in that strategy; . . . the role that the Thousand Talents Program and related provincial-level talent programs play in that strategy; . . . that the Chinese Communist Party incentivizes Thousand Talents Program participants to benefit personally while also benefitting China . . . [and] that certain exhibits otherwise introduced at trial are consistent with the defendant's participation in one or more Chinese talent programs." [Doc. 151-1].

Dr. You filed a *Daubert* Motion to preclude Gen. Spalding's testimony, arguing that the proffered testimony was inadmissible under *Federal Rule of Evidence* 702 as it did not meet the standards of reliability of expert testimony as set forth in *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579, 589-94. Dr. You also asserted that Gen. Spalding's testimony was not relevant to the elements of the offenses with which she was charged or her alleged intent to cause pecuniary harm to the victim companies as alleged in the Indictment, and therefore inadmissible under Rule 401 of the *Federal Rules of Evidence*. It was Dr. You's position that given that the Indictment contained no allegations against the Chinese government or the Chinese Communist Party, Gen. Spalding's testimony was not relevant. Also, Dr. You argued that the proffered testimony was highly prejudicial given the potential for animus against individuals of Chinese descent.

Following a hearing, on July 10, 2020, the magistrate judge entered an Order granting Dr. You's motion. (Doc. 193). The Government then filed a timely Objection to the magistrate's Order on July 31, 2020. (Doc. 204).[1] The First Superceding Indictment was filed four days later. (Doc. 217).

Dr. You submits that the prosecutors delayed indicting her on the Economic Espionage charge in order to ensure that Gen. Spalding could testify at trial, giving the Government a tactical advantage. Dr. You maintains that Gen. Spalding's testimony would create a risk of unfair prejudice to her on the basis that she is a Chinese-American citizen. Also, Gen. Spalding's testimony is not necessary for the jury to understand the Thousand Talents and similar talent programs, given that the talent applications will be presented as exhibits at trial. Given that Gen. Spalding's previous experience as a national security policy strategist and his 26 years of military experience, it is Dr. You's position that the jury may give substantial deference to Gen. Spalding's testimony, despite the fact that his testimony is based upon hearsay, rather than facts.

Based upon the foregoing, the Court should dismiss the superseding indictment due to the preindictment delay pursuant to Fed. R. Crim. P 12(b)(3)(A)(ii).

## II. The First Superceding Indictment should be dismissed due to prosecutorial vindictiveness.

Dr. You moves to dismiss the First Superceding Indictment because it is her position that the decision to obtain a superseding indictment adding Count 10,

---

[1] The Court granted the Government permission to file any objection to the Order on or before July 31, 2020.

Conspiracy to Commit Economic Espionage and Count 11, Economic Espionage, violates her right to due process of law, as guaranteed by the Fifth Amendment, because it stems from prosecutorial vindictiveness.

As noted by the United States Supreme Court, "[t]here is no doubt that the breadth of discretion that our country's legal system vests in prosecuting attorneys carries with it the potential for both individual and institutional abuse. And broad though that discretion may be, there are undoubtedly constitutional limits upon its exercise." Courts recognize that a prosecutor's "broad discretion" in deciding whom to prosecute and which charges to bring "is not unfettered." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001) (internal quotation marks omitted). At a minimum, prosecutorial discretion is restrained by the Due Process Clause, which prohibits the prosecution from punishing a defendant for exercising a protected statutory or constitutional right. *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)).

Although a defendant may obtain a dismissal of an indictment on grounds of prosecutorial vindictiveness by showing "actual vindictiveness," that is, "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," *Dupree*, 323F.3d at 489, an indictment may also be dismissed as vindictive upon a showing that "in the particular factual situation presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's action." *Bragan*, 249 F.3d at 481 *(quoting United States v. Andrews*, 633 F.2d 449, 455 (6th Cir. 1980) (en banc)). In

*Blackledge v. Perry*, 417 U.S. 21 (1974), for example, the United States Supreme Court held that, where a defendant who had been convicted of a misdemeanor exercised his right to a de novo trial, it was presumptively vindictive for the prosecution to subsequently file a felony charge against him based on the same underlying conduct. *Id*. at 27. By allowing for a presumption of vindictiveness to be drawn under narrow circumstances, the *Blackledge* rule safeguards a defendant's due process rights by eliminating apprehension of prosecutorial retaliation where circumstances reasonably indicate retaliation, even if there is no direct evidence that the prosecutor was in fact improperly motivated. *See Goodwin*, 457 U.S. at 373-76, 383; *United States v. Waltzman*, 537 F.3d 353, 359 (5th Cir. 2008); *Andrews*, 633 F.2d at 455.

A showing of vindictive prosecution requires (1) an exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right. *United States v. Meda*, 812 F.3d 502, 510 (6th Cir. 2015). "Presumably, if the first three elements are present, this may help establish grounds to believe the fourth is present, that there is the required 'realistic likelihood of vindictiveness,' which the government would have to rebut." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir 2001) (citing *Bragan v. Poindexter*, 249 F.3d 476, 481–82 (6th Cir. 2001)).

Vindictiveness may be shown through " 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights.' " *United States v. Young*, 847 F.3d 328, 361–62 (6th Cir. 2017) (citation omitted). Alternatively,

it may be established "by present[ing] sufficient evidence to create a 'presumption of vindictiveness' by examining the 'realistic likelihood of vindictiveness' and focusing on the prosecutor's 'stake' in deterring the exercise of a protected right and the unreasonableness of his actions." *Id*. at 362 (quoting *United States v. Zolicoffer*, 570 Fed.Appx. 540, 543 (6th Cir. 2014)).

A court faced with vindictiveness allegations must assess the fact situation before it to see if the vindictiveness standard is met, as each situation will necessarily turn on its own facts." *Andrews*, 633 F.2d at 453-54. With regard to the first element, the only substantive occurrence between the two indictments was Dr. You, acting based on her pretrial rights, moving to exclude the testimony of the Government's proffered expert witness, Gen. Spalding.

Moving on to the second element, the prosecutorial stake in the defendant's exercise of her right, Dr. You submits that it is clear from the Government's pleadings and the arguments presented during the *Daubert* hearing that the Government placed great emphasis on the importance on Gen. Spalding's testimony. Gen. Spalding, an author, speaker entrepreneur, and national security policy strategist with 26 years of military experience, was a star witness for the Government. As such, the prosecutors had a great amount at stake when Dr. You filed a motion to exclude Gen. Spalding's testimony. Regarding the unreasonableness of the prosecutor's conduct, there is little reason to suspect that the prosecutors' view of Dr. You's case changed significantly between the two indictments, given that the government already possessed all of the

relevant evidence that supported the First Superceding Indictment well before procuring the indictment. *See Goodwin*, 457 U.S. at 381; *Suarez* 263 F.3d at 480. Based upon the facts of this case, specifically the length of time that has elapsed between the two indictments and that the trial of this matter is currently set for September 1, 2020, it is Dr. You's position that the prosecutors' decision to seek the First Superceding Indictment was unreasonable and was made in order to retaliate against Dr. You for moving to exclude Gen. Spalding's testimony.

Based upon the foregoing, the First Superceding Indictment should be dismissed due to prosecutorial vindictiveness.

### III. This Court should dismiss the Superceding Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v)

The Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V. The Court begins by observing that "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. *Russell v. United States*, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. *Hamling v. United States*, 418 U.S. 87, 177 (1974); *Russell*, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature

and the cause of the accusations[.]" U.S. Const. amend. VI; *Russell*, 369 U.S. at 761.

Dr. You respectfully submits that the First Superseding Indictment [Doc. 217] is vague as to the conduct that it alleges that Dr. You engaged in which is alleged to constitute Conspiracy to Commit Economic Espionage and Economic Espionage. Dr. You submits that the business relationship that she had with the Chinese Company referenced in the First Superceding Indictment does not satisfy the elements of Economic Espionage. The Chinese's company's actions of recruiting outside talent was more akin to the Tennessee government sending delegates to China in 2017 or the United States- China Governor's Collaboration Summit which was held in Lexington, Kentucky in May 2019.

WHEREFORE, Dr. You respectfully request this Honorable Court conduct an evidentiary hearing on this motion and dismiss the superseding indictment in this cause for the violation of Dr. You's due process rights under the Fifth Amendment to the Constitution of the United States. *U.S. v. McDonald*, 456 U.S. 1 (1982); *U.S. v. Marion*, 404 U.S. 307 (1971); *U.S. v. Lovasco*, 431 U.S. 783 (1977).

    Respectfully submitted,

    *s/Thomas C. Jessee*
    Thomas C. Jessee BPR 00113
    Jessee & Jessee
    P.O. Box 997
    Johnson City, TN 37605
    423-928-7175

                                   *s/Corey B. Shipley*
Corey B. Shipley BPR 032772
Collins Shipley, PLLC
128 S. Main Street, Suite 102
Greeneville, TN 37743
423-972-4388

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 11th day of August 2020, a true and exact copy of this Motion to Dismiss First Superceding Indictment was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                   *s/ Thomas C. Jessee*
                                   Thomas C. Jessee