UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-14 |
| | ) | |
| XIAORONG YOU | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is the government's October 23, 2020 motion to play video depositions of Italian witnesses at trial. [Doc. 229]. The defendant has responded, [Doc. 241], and the government replied, [Doc. 242]. The matter is ripe for review.

**I.      Background**

On February 12, 2019, a grand jury returned an indictment in this case charging defendant, alongside a co-defendant, with one count of conspiracy to commit theft of trade secrets in violation of 18 U.S.C. § 1832(a)(5), one count of wire fraud in violation of 18 U.S.C. § 1343, and seven counts of theft of trade secrets in violation of 18 U.S.C. § 1832(a)(3). [Doc. 3]. On August 4, 2020, the government returned a superseding indictment. [Doc. 217]. The superseding indictment named Hongmei Fan, defendant's aunt, as another co-conspirator and charged defendant with two additional counts: Count Ten, conspiracy to commit economic espionage in violation of 18 U.S.C. § 1831(a)(5), and Count Eleven, economic espionage in violation of 18 U.S.C. § 1831(a)(3). [*Id.* at 13-20].

The government moved under Federal Rule of Criminal Procedure 15 for an order authorizing the pretrial depositions of two foreign-based witnesses. [Doc. 134]. The Court held a June 16, 2020 telephone hearing on the motion, during which the parties reached an agreement to allow the foreign-based depositions to proceed virtually. From the bench, this Court issued a preliminary ruling permitting the pretrial depositions, and this Court later issued a memorandum opinion and order memorializing that oral ruling. [Doc. 157].

1

In the memorandum opinion and order, this Court made the necessary findings for obtaining deposition testimony from a foreign witness as required under Federal Rule of Criminal Procedure 15(c). [*Id.*]. The Court determined that the witnesses' testimony could provide substantial proof of a material fact in this felony prosecution, that there was a substantial likelihood that the witnesses' attendance at trial cannot be obtained, that the witnesses' presence for a deposition in the United States cannot be obtained, and that the defendant can meaningfully participate in the deposition through reasonable means. [*See generally id.*].

Thereafter, two virtual depositions were held on July 3, 2020. The witnesses, counsel on both sides, the court reporter, and the defendant all participated remotely. The defense cross-examined both witnesses. At the parties' joint request and for the sake of judicial economy and efficiency, the undersigned presided over depositions to rule on objections in real time.

The government now seeks to play the video depositions at trial. [Doc. 229]. Trial is scheduled to commence on April 6, 2021.

**II.      Analysis**

The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Furthermore, Federal Rule of Evidence 804(a)(1)(5)(B) provides that a witness is unavailable if the "statement's proponent has not been able, by process or other reasonable means, to procure . . . declarant's attendance." Consistent with the Confrontation Clause, this unavailable witness's testimony from deposition will not violate the hearsay rule if the testimony "was given as a witness at a . . . lawful deposition . . . during the current proceeding" and the testimony is "offered against a party who had . . . an opportunity and similar motive to develop it by . . . cross- . . . examination." Fed. R. Evid. 804(b)(1)(A), (B).

The government argues the deposition testimony is admissible at trial under Rule 804(b)(1). [Doc. 229]. The government contends the witnesses are unavailable under Rule 804(a)(1)(5)(B) because of COVID-19 international travel restrictions and the fact that the foreign witnesses are not subject to the

2

Court's subpoena power. [*Id.*]. Further, the government avers the defendant had an opportunity to cross-examine the witnesses during the depositions. [*Id.*].

"Unavailability is to be determined according to the practical standard of whether under the circumstances the Government has made a good-faith effort to produce the witness to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) (citing *Ohio v. Roberts*, 448 U.S. 56, 74 (1979)). The defendant does not dispute unavailability. The Court finds that the witnesses are unavailable for trial. As Italian citizens residing in Italy, the witnesses are beyond this Court's subpoena power, and the government cannot procure their attendance through process. *See id.* Moreover, the world is still experiencing a pandemic, which has put health and safety restraints on international travel. The witnesses in question are unavailable under Rule 804(a)(5).

The defendant does not contest that the depositions were lawful or that she was provided an opportunity to cross-examine the witnesses in question. During the July 3, 2020 depositions, the witnesses were questioned under oath, and defense counsel cross-examined both witnesses regarding the substance of their testimony including the basic facts, and inconsistencies in their testimonies. *See California v. Green*, 399 U.S. 149, 165-66 (1970). Each former testimony was given at a "lawful deposition" and defendant had "an opportunity and similar motive to develop it by [] cross [] examination." Fed. R. Evid. 804(b)(1). As such, this Court finds the prior deposition testimonies satisfy Federal Rule of Evidence 804(b)(1)(B).

Defendant argues the proffered deposition testimonies are irrelevant and should be excluded at trial. [Doc. 241]. More specifically, defendant argues that she never provided any information or documents to the witnesses that was not in the public domain, and that the company run by the witnesses had technical knowledge regarding can linings as it was its business. Defendant also argues the testimonies are irrelevant because there is no indication of a link between local Chinese officials and the Chinese Communist Party or the Chinese central government. [*Id.*].

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact [must be] of consequence in determining the action." In a criminal case, a fact is "of consequence" if it makes it more or less likely

3

that the defendant committed the charged conduct. Courts do not require that each piece of evidence directly prove or disprove an element of the offense. *See* 1 McCormick On Evid. § 185 (8th ed.) ("[S]ome evidence that is merely ancillary to evidence that bears directly on the issues may be admissible."). However, evidence must at least be "a step on one evidentiary route to the ultimate fact." *See Old Chief v. United States*, 519 U.S. 172, 179 (1997).

The two witnesses testified under oath about their first-hand knowledge of their professional relationships with the defendant. Defendant is under federal indictment for multiple felonies for allegedly conspiring to steal trade secrets and to commit economic espionage. [*See* Docs. 3; 217]. According to the indictment, as part of defendant and her co-defendant, Xiangchen's, new business strategy, they allegedly sought to enlist the assistance of an Italian company in a joint venture for the purpose of establishing a market presence for their new Chinese based company using the Italian company's established manufacturing abilities in the industry. [Doc. 217 at 7]. This resulted in numerous meetings between representatives of the Italian company and the defendant to allegedly speak about the opportunities to introduce the Italian company's aluminum coating technology into the Chinese market instead of selling the technology to defendant's previous employer, an American company. The Italian company the defendant and Xiangchen allegedly targeted belongs to the witnesses in question. The deposition testimonies from the witnesses is relevant to the charges at hand that defendant allegedly stole trade secrets for the benefit of someone other than the owner of the trade secrets.

Defendant also argues the depositions are irrelevant because there is no indication that the local Chinese officials were connected with the Chinese Communist Party or the central government of China. [Doc. 241 at 2]. Foreign governments or instrumentalities are not pertinent to Counts One through Nine, but are applicable to Count Ten, conspiracy to commit economic espionage in violation of 18 U.S.C. § 1831(a)(5), and Count Eleven, economic espionage in violation of 18 U.S.C. § 1831(a)(3). [*See* Doc. 217]. Economic espionage requires the intent or knowledge that the offense "will benefit any foreign government, foreign instrumentality, or foreign agent." 18 U.S.C. § 1831. Counts Ten and Eleven of the superseding indictment allege that the offenses "would benefit any foreign government, foreign instrumentality, or foreign agent,

4

namely the Chinese Communist Party and governments of the People's Republic of China and of the Province of Shandong and the City of Weihai as well as China Company # 1." [*Id.* at 14, 18]. Ms. Mazzilli's deposition references plans for defendant and a team of "Chinese government officials" to visit Italy in September 2018 and a second follow-up visit with the governor of the Shandong province and mayor of Weihai to tour the Italian company in November 2018. [*See* Doc. 241-2 at 10, 13]. The government does not need to prove that the Chinese Communist Party or the central government of China were connected to the local Chinese officials. Instead, under 18 U.S.C. § 1831, the government only has to prove beyond a reasonable doubt that the offense would benefit "any foreign government, foreign instrumentality, or foreign agent."

Defendant next argues that certain statements in the depositions are highly prejudicial to the defendant and requests they be stricken. [Doc. 241]. Defendant did not make contemporaneous objections to the statements she now challenges. First, defendant takes issue with Mr. Bocchio's statement: "I didn't trust the Chinese. Especially they are very well-known to steal the technology. It's possible." The government counters that the statement a would survive a Federal Rule of Evidence 403 balancing because the statement is more probative than prejudicial. [Doc. 242 at 3]. The government further contends the statement, when heard in the context of the entire deposition, is a statement about the protection of intellectual property in China. [*Id.* at 4]. Moreover, the government argues that even if the statement were to be interpreted as racist, it would prejudice the jury against the speaker because decent society condemns such backward and intolerant views. [*Id.* at 3-4].

In the context of the deposition, the line of questioning was as follows:

> Q: Was it true that Metlac wanted to have a factory in China?
>
> A: No. No. Absolutely not. I repeat it many times. And then absolutely not.
>
> Q: Why not?
>
> A: Why not? Because as I said it before, because first of all, I didn't trust the Chinese. Especially they are very well-known to steal the technology. It's possible. And as Metlac, our company is based, as I

5

said, on recipes and formulation, if you lose this, you lose the company. And then I will never, ever do anything at all in China.

While it is obvious that the witness was explaining why his company would not enter the market in China, the generalization of a nationality or people as "untrustworthy" could be interpreted as racially motivated. Anti-Chinese sentiment pervades the entirety of the deposition, and the jury would be able to assess the witness's credibility and make its own judgment on the witness based on his views. Further, there are other instances in the deposition during which the witness conveys the same information less prejudicially. [*See* Doc. 241-1 at 9 ("[I]n our field, it's difficult to protect the intellectual property in China. Maybe you can only do it if you are protected by the state. If the state – And big companies, they can do it. In China, for example, a paint company, PPG, Sherwin-Williams, Akzo Nobel are present. But they are very well protected.")]. The Court finds the statement is not more probative than prejudicial and should be edited from the deposition testimony.

Second, defendant challenges Ms. Mazzilli's statement that defendant was "under pressure" by the Chinese government. [*See* Doc. 24-2 at 17]. Defendant argues the statement is speculation. [Doc. 241 at 2]. The government contends the statement was not speculative but was the witness's own opinion about a defendant's mental state and perception. [Doc. 242 at 5].

> Q: Ms. Mazzilli, was it your sense that the Chinese government officials were in charge?
>
> A: I had the impression she was – I have to find the Italian word that . . . She was under pressure. Under pressure by them, yes. I had this feeling.

A non-expert witness is permitted to testify "in the form of an opinion" that is "rationally based on the witness's perception." Fed. R. Evid. 701(a). The statement is undeniably the witness's opinion about the power dynamic and relationship amongst the group of Chinese visitors defendant brought to Metlac. It was rationally based on her perception as the hostess. The statement is not speculative, but it was the witness's "impression" and her "feeling," based on the time she spent with defendant and her visitors.

### III.    Conclusion

6

It is HEREBY ORDERED the government's motion to play video depositions of Italian witnesses at trial is GRANTED.  [Doc. 229].

The Court, however, finds the statement: "I didn't trust the Chinese.  Especially they are very well-known to steal the technology.  It's possible," [Doc. 241-1 at 8], is more unfairly prejudicial to the defendant than probative.  The Court grants defendant's request to strike this statement.  The statement shall be STRIKEN from trial.  The video shall be edited to exclude the statement.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
