UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-14 |
| | ) | |
| XIAORONG YOU | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the defendant Xiaorong You's motion to dismiss the first superseding indictment, [Doc. 220]. The government has filed a response, [Doc. 225]. The matter is ripe for review.

**I.     Background**

On February 12, 2019, a grand jury returned an indictment in this case charging defendant, alongside a co-defendant, with one count of conspiracy to commit theft of trade secrets in violation of 18 U.S.C. § 1832(a)(5), one count of wire fraud in violation of 18 U.S.C. § 1343, and seven counts of theft of trade secrets in violation of 18 U.S.C. § 1832(a)(3). [Doc. 3]. On August 4, 2020, the grand jury returned a superseding indictment. [Doc. 217]. The superseding indictment named Hongmei Fan, defendant's aunt, as another co-conspirator and charged defendant with two additional counts: Count Ten, conspiracy to commit economic espionage in violation of 18 U.S.C. § 1831(a)(5), and Count Eleven, economic espionage in violation of 18 U.S.C. § 1831(a)(3). [*Id.* at 13-20].

Count Ten alleges that defendant and her co-conspirators stole or without authorization appropriated, took, carried away, and concealed, and by fraud, artifice, and deception obtained trade secrets belonging to various companies and without authorization duplicate the trade secret information such that "the offense would benefit any foreign government, foreign instrumentality, or foreign agent, namely the Chinese Communist Party and governments of the People's Republic of China and of the Province of Shandong and the City of Weihai as well as China Company # 1." [*Id.* at 14]. Specifically, the superseding indictment alleges that defendant and others formulated a plan for defendant to apply to the Chinese government sponsored Thousand Talents program and the Yishi-Yiyi program with the expectation that once defendant

1

won the awards, the monetary prize monies would be used to establish a business in China founded on the stolen trade secret information. [*Id.* at 15]. The superseding indictment alleges the newly founded business "would become a foreign instrumentality of the Chinese government because it was substantially sponsored" by the two awards. [*Id.*]. Finally, Count Eleven alleges defendant committed economic espionage from the acts previously detailed in Count Ten. [*Id.* at 18].

Trial is scheduled to commence on April 6, 2021.

## II. Analysis

The Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V. The Court observes that "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. *Russell v. United States*, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell*, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI; *Russell*, 369 U.S. at 761.

Pursuant to Rule 12 of the Federal Rule of Criminal Procedure, a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12(b)(3) specifies the motions which must be made before trial. Fed. R. Crim. P. 12(b)(3). Among these, a defendant may raise a challenge to an indictment for "preindictment delay." Fed. R. Crim. P. 12(b)(3)(A)(ii). Moreover, a defendant may bring a motion to dismiss for "a defect in the indictment or information including . . . (v) failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The United States Supreme Court has held that an "indictment is sufficient if it, first, contains the elements of the

2

offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117 (1974). *See United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as [they] . . . fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117-18 (citations and internal quotations omitted). In other words, where the indictment "clearly track[s] the language of the statute," it sufficiently "contain[s] the elements of the offense." *Anderson*, 605 F.3d at 411. Where the charging language includes "the relevant time period and the specific event that triggered the charge," the defendant will "accordingly be able to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense." *Id.*

The defendant challenges both the timing and the legal sufficiency of the First Superseding Indictment. [Doc. 220]. She argues that the government's strategic delay in seeking the superseding indictment violates her Fifth Amendment right to the due process of law. She also contends that the First Superseding Indictment fails to state violations of the Economic Espionage Act as a matter of law. The Court examines each of these arguments in turn.

### A. Preindictment Delay

The Court begins by observing that the statutes of limitations provide the main protection against prosecutorial delay in charging a defendant. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). "Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far distant past." *Toussie v. United States*, 397 U.S. 112, 114-15 (1970). In the present case, the charged conspiracy to commit theft of trade secrets is alleged to have ended on November 10, 2018. The First Superseding Indictment was filed on August 4, 2020, which is well within the applicable five-year statute of limitations. *See* 18 U.S.C. § 3282(a) (imposing a five-year statute of limitations for all non-capital cases).

3

Nevertheless, delay in prosecuting a defendant can implicate due process even if the indictment is brought within the statute of limitations. *United States v. Marion*, 404 U.S. 307, 325 (1971) (reversing dismissal for three-year time period between crimes and indictment). To assess whether a constitutional violation occurred, courts must determine whether the "'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency,'" are violated. *Lovasco*, 431 U.S. at 790 (quoting *Mooney v. Holohan*, 294 U.S. 103, (1935), and *Rochin v. California*, 342 U.S. 165, 173 (1952)). The defendant must shoulder a "heavy burden" in order to show that his or her rights were violated by preindictment delay. *United States v. Baltimore*, 482 F. App'x 977, 981 (6th Cir. 2012). "Dismissal for preindictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982), *see also Marion*, 404 U.S. at 324; *United States v. Atchley*, 474 F.3d 840, 852 (6th Cir.) (finding government did not file superseding indictment in order to gain a strategic advantage), *cert. denied*, 550 U.S. 965 (2007). As discussed below, the Court finds that the defendant has failed to show either substantial prejudice or a bad motive on the part of the government.

The defendant bears the burden of showing substantial prejudice by definite proof, rather than speculation. *United States v. Birney*, 686 F.2d 102, 105-06 (2d Cir. 1982); *see also United States v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997). In the present case, the defendant contends that the First Superseding Indictment "radically reconfigured [the] case," and argues that the prosecutorial delay prejudiced her "right to a fair trial given the time limitations and difficulty obtaining witness testimony." [Doc. 220 at 3]. In response to the filing of the First Superseding Indictment, this Court *sua sponte* set a status conference for August 17, 2020, during which the parties determined a new trial date was necessary and agreed upon a January, 2021 trial date. [*See* Doc. 225]. Since that time, this case was continued once more and now is set to commence on April 6, 2021. Defense counsel now has had eight additional months to prepare adequately for the trial itself, including any preparations related to the new charges alleged in the First Superseding Indictment. As such, the defendant has not met her burden of showing substantial prejudice.

4

Defendant has not shown that "the delay was engineered by the government for an improper purpose such as gaining a tactical advantage." *United States v. Lawson*, 683 F.2d 688, 694 (6th Cir. 1982). Defendant argues the government delayed indicting her on the economic espionage charges in order to gain a tactical advantage and have Gen. Spalding testify as an expert witness at trial after his testimony was excluded by the Magistrate Judge's order. [Doc. 220 at 3-5].

Even when a prosecutor believes probable cause exists to seek an indictment, the prosecutor is not compelled to file charges that day or at any time before he or she is satisfied that the suspect's guilt can be proven beyond a reasonable doubt. *Lovasco*, 431 U.S. at 791. To hold otherwise would have negative consequences for potential defendants because it would "increase the likelihood of unwarranted charges being filed, and would add to the time during which defendants stand accused but untried." *Id.*; *see United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984) (observing that requiring the government to prove and courts to determine that the government brought the prosecution as soon as it had sufficient evidence to gain a conviction would impose burdensome record-keeping requirements on prosecutors, as well as burdening courts reviewing the prosecutors' decisions). The government claims it provided notice of Gen. Spalding's testimony on April 20, 2020 and contends that superseding before the *Daubert* hearing would have been more advantageous to the government. [Doc. 225 at 19]. The Court notes that it overruled the government's objections to the Magistrate Judge's report and recommendation excluding Gen. Spalding's Testimony and observes that the arguments concerning Gen. Spalding's testimony are now moot. [*See* Doc. 248]. Proffered testimony relating to economic espionage was brought up during the *Daubert* hearing before the Magistrate Judge. [*See* Doc. 193 at 11-13]. The government further explains that the First Superseding Indictment was obtained in response to developing evidence after the original indictment was returned. [*See* Doc. 225 at 11-16]. As such, the First Superseding Indictment was not solely brought in response to the Magistrate Judge's order for a tactical advantage.

### B. Prosecutorial Vindictiveness

Defendant next argues that the First Superseding Indictment should be dismissed because it "stems from prosecutorial vindictiveness." [Doc. 220 at 6]. More specifically, defendant asserts the First Superseding Indictment was made in order to retaliate against defendant for moving to exclude Gen. Spalding's testimony. [*Id.* 5-9].

The vindictive prosecution doctrine was designed to prevent prosecutors from retaliating against defendants by charging defendants who assert protected rights with more severe charges as a result of their having asserted a protected right. *See United States v. Suarez,* 263 F.3d 468, 482 (6th Cir. 2001); *see also, United States v. Andrews,* 633 F.2d 449, 455 (6th Cir. 1980)* (en banc) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978)) ("Due process violation[s] in [vindictive prosecution] cases . . . lay not in the possibility that a defendant might be deterred from the exercise of a legal right . . . but rather in the danger that the state might be retaliating against the accused for lawfully attacking his conviction."). "Although a defendant may obtain a dismissal of an indictment on grounds of prosecutorial vindictiveness by showing 'actual vindictiveness'—that is, 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights,' an indictment may also be dismissed as vindictive upon a showing that in the particular factual situation presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's action." *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013) (quoting *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001)).

In this case, defendant has not suggested a basis for a finding of actual vindictiveness. Therefore, she must establish the elements set forth below to show a "realistic likelihood of vindictiveness." *United States v. Dupree*, 322 F.3d 480, 489 (6th Cir. 2003). "[T]he Court can find a presumption of vindictiveness by applying the 'realistic likelihood of vindictiveness,' standard which focuses on the prosecutor's 'stake' in deterring the exercise of a protected right and the unreasonableness of his actions." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (quoting *Id.* at 489). In order to prove such a vindictive prosecution claim, the Sixth Circuit has required a claimant to demonstrate four elements: "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct;

6

(4) the intent to punish the defendant for exercise of the protected right." *Suarez*, 263 F.3d at 479.  If the defendant makes this showing, then the Court may presume an improper vindictive motive.  *Bragan*, 249 F.3d at 481.  The government bears the burden of rebutting the presumption with "objective, on-the-record explanations" such as "governmental discovery of previously unknown evidence" or "previous legal impossibility."  *Id.*

First, the first element of a vindictive prosecution claim under *Suarez* is met.  Defendant exercised a protected right through her pretrial motion to exclude expert witness testimony.  Fed. R. Crim. P. 12(b)(3)(E).  *See* Fed. R. Crim. P. 16(a)(1)(G).

Second, as to the "prosecutorial stake" in the exercise of that right, the government claims that it had no prosecutorial stake in defendant's *Daubert* motion.  [*See* Doc. 225 at 4-8].  Defendant asserts that the "government placed great emphasis on the importance of Gen. Spalding's testimony" and "had a great amount at stake when Dr. You filed a motion to exclude Gen. Spalding's testimony."  [Doc. 220 at 8].

Defendant's *Daubert* motion was during the pretrial phase, and was "not particularly exceptional," as "a defendant before trial is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor."  *Suarez*, 263 F.3d at 479-80 (quoting *United States v. Goodwin*, 457 U.S. 368, (1982)).  Therefore, "[i]t is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter."  *Id.* at 480.  In *Goodwin*, the Supreme Court detailed the type of "routine[]" and minimally burdensome filings that it thought unlikely to prompt a vindictive prosecutorial response.  457 U.S. at 381; *see, e.g., United States v. Rosse*, 716 F. App'x 453, 462-63 (6th Cir. 2017) (finding the prosecutor had no "stake" in the outcome where defendant's "motions were merely garden-variety pretrial motions of the kind found not to burden the prosecution in *Suarez*, 263 F.3d at 479-90, which involved motions to dismiss the indictment and suppress the evidence.").  Moreover, the *Goodwin* Court recognized that "[d]efense counsel routinely file pretrial motions" and that "invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates."  *Id.*  Further, the Sixth Circuit has found that, while a defendant has a protected right to file pretrial motions, "the additional burden

7

on the prosecution from the motions in proportion to the burden for the upcoming trial itself is rather minimal." *Suarez*, 263 F.3d at 479-80

However, "[a]lthough *Goodwin* generally counsels against a finding that a sufficient prosecutorial stake has arisen in the pretrial context, it has certainly not eliminated the possibility that a district court might conclude exactly that." *LaDeau*, 734 F.3d at 567; *Rosse*, 716 F. App'x at 462 ("Invoking a presumption of vindictiveness in a pretrial setting though possible, *see United States v. Andrews*, 633 F.2d 449, 453-56 (6th Cir. 1980) (en banc), is necessarily difficult.").

Similar to *LaDeau*, defendant claims that the Government was in possession of all relevant information leading to the new charges in the First Superseding Indictment at the time it brought the charge in the original Indictment. [Doc. 220 at 8-9]. However, *LaDeau* presents a different factual situation. There, the defendant "succeeded in suppressing crucial evidence and thereby eviscerated the government's possession case" and eliminated the government's "ability to prosecute the charge in the first indictment." *LaDeau*, 734 F.3d at 569. By contrast, the exclusion of Gen. Spalding's testimony does not eviscerate the government's case. The Magistrate Judge held his testimony was not relevant to the charges in the original indictment, and, as such, the government's proof remained unchanged after the Magistrate Judge's decision. The defendant's motion was at most a minor inconvenience, resulting in the filing of a response to an objection and the procurement of alternate expert witnesses. Thus, because defendant's motion hurt the prosecution far less than LaDeau's, that case gives no reason to presume here that the government sought the First Superseding Indictment as retaliation for defendant's pretrial motion.

Third, the Court must also examine the reasonableness of the prosecutor's conduct in filing the First Superseding Indictment. *Suarez*, 263 F.3d at 479. However, a superseding indictment "bringing additional charges is not sufficient to be presumptively unreasonable." *Id.* at 480 (internal citations omitted). "Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *Id.* (internal citations omitted) (noting that superseding indictment was not vindictive where it "was based to some extent on evidence unavailable at the time of the first indictment."). The Sixth Circuit has stated that "[a]

8

prosecutor who adds on extra charges after the exercise of a procedural right is arguably acting less vindictively than a prosecutor who substitutes a more severe charge for a less severe one." *Andrews*, 633 F.2d at 454. "In the first situation, a prosecutor might well have made an honest mistake," but "in the second situation, the prosecutor will have already exercised his discretion, and the probability that the prosecutor acted vindictively is higher." *Id.; LaDeau*, 734 F.3d at 570.

The Court further finds that defendant's argument that the government's conduct was unreasonable because it had evidence of alleged crimes in the First Superseding Indictment from the case's inception, also fails to show an abuse of prosecutorial discretion. [Doc. 220 at 8-9]. The government counters and asserts that the First Superseding Indictment was obtained "only after it acquired new documentary evidence after the original indictment, interviewed new key witnesses after the original indictment . . . translated hundreds of [] audio and text communications from Chinese into English after the original indictment, translated [] documents from Chinese into English after the original indictment[.]" [Doc. 225 at 11].

The Supreme Court has held that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *Goodwin*, 457 U.S. at 382. "A charging decision does not levy an improper 'penalty' unless it results *solely* from the defendant's exercise of a protected legal right rather than the prosecutor's normal assessment of the societal interest in prosecution." *Id.* at 380 n. 11 (emphasis added) (citation omitted). Here, the government had the discretion to file additional charges against defendant. Whether defendant can show that the government could have brought charges sooner than it did is inapposite. Considering the newly discovered charging evidence, the Court finds that the government was acting within its discretion when it filed the First Superseding Indictment, and therefore did not act unreasonably.

Defendant failed to bring forth any evidence suggesting, let alone showing, that the government acted vindictively in pursuing her case. To be sure, defendant exercised her rights in an effort to defend herself, but she failed to show that the government had any "stake" in prosecuting defendant for exercising those

rights, or that the government acted unreasonably by pursing charges against her in light of developing evidence.

### C. Failure to State an Offense

A Rule 12(b)(3)(B)(v) motion is appropriate only "when it raises questions of law rather than fact." *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) (approving defendant making a Rule 12 motion that "raise[d] a purely legal question about whether the indictment stated an offense"); *see also, e.g., Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951) (holding a motion "claiming that [the indictment's] allegations are false and untrue" improper because "issues of fact" must "be tried by a jury"); *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992) (holding a Rule 12 motion inappropriate if it requires the court to "invade the province of the ultimate finder of fact"). "[A] court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge." *United States v. Hann*, 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008) (citation omitted). Accordingly, an indictment that is valid on its face may not be dismissed on the ground that it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992).

In this context, the Court must review the indictment's factual allegations as true and construe those allegations in a practical sense with all of the necessary implications. *United States v. Reed*, 77 F.3d 139, 140 n. 1 (6th Cir. 1996) (*en banc*). Defendant's burden in this context is, correspondingly, "a heavy" one. *United States v. Lamoureux*, 711 F.2d 745, 747 (6th Cir. 1983).

Defendant argues the First Superseding Indictment "is vague as to the conduct that it alleges that Dr. You engaged in which is alleged to constitute Conspiracy to Commit Economic Espionage and Economic Espionage." [Doc. 220 at 10]. Specifically, defendant maintains that the business relationship she had with the Chinese Company referenced in the First Superseding Indictment does not satisfy the element of Economic Espionage. [*Id.*]. Conversely, the government contends that the First Superseding Indictment fully tracks the relevant statutes, includes the relevant time periods, and each charge is substantiated by specific allegations that fairly inform defendant of the charges against which she must defend. [Doc. 225 at 19-21].

When "the indictment charges a conspiracy: [i]t is well settled that [in] an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Ogbazion*, No. 3:15-cr-104, 2017 WL 1315813, at *22-23 (S.D. Ohio Apr. 10, 2017) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). *See United States v. Reynolds*, 762 F.2d 489, 494 (6th Cir. 1985). To establish conspiracy to commit economic espionage under 18 U.S.C. § 1831(a)(5), the government must demonstrate that one or more persons conspired, or agreed, to commit the crime of economic espionage and that the defendant knowingly and voluntarily joined the conspiracy, and one or more persons do any act to effect the object of the conspiracy. *See* 18 U.S.C. § 1831(a)(5). Further, the crime of economic espionage requires that the offense "will benefit any foreign government, foreign instrumentality, or foreign agent." *See* 18 U.S.C. § 1831(a).

Based on this authority, the offense of conspiracy to commit economic espionage charged in Count Ten of the Superseding Indictment need not "allege with technical precisions all of the elements essential to . . . the object of the conspiracy." *Ogbazion*, 2017 WL 1315813, at *22-23. In the present case, Count Ten of the First Superseding Indictment charges that:

> Beginning not later than on or about March 16, 2017 and continuing through at least on or about November 10, 2018, in the Eastern District of Tennessee and elsewhere, the defendants XIAORONG YOU, XIANGCHEN LIU, and HONGMEI FAN, intending and knowing that the offense would benefit any foreign government, foreign instrumentality, or foreign agent, namely the Chinese Communist Party and government of the People's Republic of China and the Province of Shandong and the City of Weihai as well as China Company #1. Knowingly conspiracy and agreed together and with other persons known and unknown to the grant jury, to:

(a) Knowingly steal and without authorization appropriate, take, carry away, and conceal, by fraud, artifice, and deception obtain trade secrets belonging to Akzo-Nobel, TSI Owner #2, Dow Chemical, PPG, Sherwin Williams, ToyoChem, and Eastman Chemical in violation of 18 U.S.C. § 1831(a)(1);

(b) Knowingly and without authorization copy, duplicate, photograph, download, upload, later, photocopy, replicate, transmit, deliver, send, mail, communicate, and convey trade secrets belonging to Akzo-Nobel, TSI Owner #2, Dow Chemical, PPG, Sherwin Williams, ToyoChem, and Eastman Chemical in violation of 18 U.S.C. § 1831(a)(2);

11

(c) Knowingly receive, buy, and possess trade secrets belonging to Akzo-Nobel, TSI Owner #2, Dow Chemical, PPG, Sherwin Williams, ToyoChem, and Eastman Chemical in violation of 18 U.S.C. § 1831(a)(3).

[Doc. 217 at ¶ 45]. Count Ten alleges the object of the conspiracy was that the three defendants "acting together, conspired to use the stolen TSI to knowingly and intentionally benefit the Chinese Communist Party and the governments of the People's Republic of China and the Province of Shandong and the City of Weihai as well as China Company #1." [*Id.* at ¶ 46]. The same count then provides four paragraphs setting forth the "manner and means" of the conspiracy, detailing the defendants' alleged activities in applying to the Thousand Talents and Yishi-Yiyi programs, in establishing of China Company #1 from the award funds, and the funding from the Chinese government to research, develop, and commercialize BPA-free coatings using the stolen trade secret information. [*Id.* at ¶¶ 47-50]. Count Ten includes ten paragraphs alleging overt acts in furtherance of the conspiracy and to effect its unlawful objects. [*Id.* at ¶¶ 51-60]. The alleged overt acts include the securing of invitations for defendant's Chinese business partner and six Chinese government officials to meet with representatives from Italian Company #1, the three trips to meet with representatives with the Italian Company #1, and email correspondence that indicates that defendant was coordinating a proposed agreement between Italian Company #1 and China Company #1 to show the Chinse government officials that the Italian Company #1 was in a position to enter into the Chinese Market. [*Id.*].

Moreover, Count Eleven of the First Superseding Indictment charges that:

On or about June 22, 2018, in the Eastern District of Tennessee, XIAORONG YOU, intending and knowing that the offense would benefit any foreign government, foreign instrumentality, or foreign agent, namely the Chinese Communist Party and the governments of the People's Republic of China and the Province of Shandong and the City of Weihai as well as China Company #1, knowingly possessed trade secrets owned by Akzo-Nobel, TSI Owner #2, Dow Chemical, PPG, Sherwin Williams, ToyoChem, and Eastman Chemical, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, in violation of 18 U.S.C. § 1831(a)(3).

[*Id.* at ¶ 62].

In challenging the validity of the indictment, defendant asserts that the superseding indictment does not allege defendant's participation in a conspiracy to commit economic espionage or economic espionage, but instead a alleges a business relationship with a foreign company. [Doc. 220]. The Court cannot credit defendant's view of the evidence and their assertions concerning the legality of her business relationships with China Company #1 and Italian Company #1 "without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). *See* [Doc. 126-1]. Accordingly, courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations. *United States v. Silvius*, No. 1:12CR172, 2012 WL 5878841, at *5-6 (N.D. Ohio Nov. 21, 2012).

### III. Conclusion

It is HEREBY ORDERED the defendant's motion to dismiss the first superseding indictment is DENIED. [Doc. 220].

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE