UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-14 |
| | ) | |
| XIAORONG YOU | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is the defendant Xiaorong You's Motion in Limine, [Doc. 261]. The government has responded in opposition, [Doc. 268]. The matter is ripe for review.

**I.       Background**

On August 4, 2020, a federal grand jury returned an eleven-count indictment charging defendant with violations of conspiracy to commit theft of trade secrets in violation of 18 U.S.C. § 1832(a)(5), possession of stolen trade secrets in violation of 18 U.S.C. § 1832(a)(3), wire fraud in violation of 18 U.S.C. § 1343, conspiracy to commit economic espionage 18 U.S.C. § 1831(a)(5), and economic espionage in violation of 18 U.S.C. § 1831(a)(3). [Doc. 217]. Trial commenced on April 6, 2021.

**II.      Analysis**

At the time of defendant's arrest, law enforcement officers found a briefcase containing her passport, diplomas, naturalization papers, American and Chinese bank statements, and thousands of dollars in various currencies including United States Dollars, Euros, Chinese Yuan, and British Pounds. [Doc. 33 at 83, 85-86; Doc. 30-1]. The testifying agent at defendant's initial detention hearing referred to the briefcase as a "go-bag," a bag which contains documents that one would need and "are ready to go at a moment's notice." [Docs. 30-1, 33 at 85].

During trial, defendant seeks to limit discussion and language the government may use in reference to the briefcase and its contents found in defendant's Michigan apartment as a "go bag." [Doc. 261]. The defendant submits the briefcase contained defendant's personal documents for safekeeping, a small quantities of foreign currencies, and expired passports as mementos of travel. [*Id.* at 2]. Defendant argues

1

that use of the term "Go Bag" would "create a risk of unfair prejudice and bias that is impermissible under [Federal Rule of Evidence] 403." [*Id*].

The government contends that the briefcase is probative as evidence of flight and is evidence of guilt. [Doc. 268]. The government advises the Court that it intends the FBI special agent who conducted the search of defendant's apartment "will testify to his lay opinion that this suitcase is known as a 'Go Bag' and explain why he uses that term in a way that demonstrates that his opinion is rationally derived from his eye-witness perception[.]" [*Id*. at 1]. The government also submits it will reference this term during its closing argument.

Defendant argues that this term should not be used by the government in its closing remarks or during direct or cross examination of witnesses. Traditionally, attorneys are allowed significant latitude in opening and closing statements. *See Mercer v. Theriot*, 377 U.S. 152, 154-55 (1964); however, the Court has "discretionary control over opening statements." *United States v. Thomas*, 41 F.3d 1508, at *4 (6th Cir. 1994). Pursuant to Federal Rule of Evidence 403, the court may exclude otherwise admissible evidence "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the jury . . . ." "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules . . . particularly . . . with respect to Rule 403 since it requires an on the spot balancing of probative value and prejudice. . . ." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). The phrase "unfair prejudice," when used in the context of Rule 403, " does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014). *See also Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (quoting Fed. R. Evid. 403 advisory committee's note)).

The Court finds that the term "Go-Bag" has a negative connotation and the risk that the jury could make a decision on an improper basis outweighs the term's probative value. The probative value of the term "Go-Bag" is slight. In fact, courts have, "consistently doubted the probative value [of flight evidence] in

2

Case 2:19-cr-00014-JRG-CRW   Document 281   Filed 04/13/21   Page 2 of 3   PageID #: 3570

criminal trials." *United States v. Dillon*, 870 F.2d 1125, 1126 (6th Cir. 1989) (quoting *Wong Sun v. United States*, 371 U.S. 471, 483 n.10 (1963)).  In this case, evidence of flight will be admitted through photographs of the briefcase and its contents, and the items themselves; moreover, testimony from the special agent will accurately describe the search of defendant's Michigan apartment, the state of her apartment, the briefcase and the location it was found, as well as the items contained in the briefcase.  Referencing the briefcase as a "Go-Bag," would explicitly communicate to the jury that defendant's flight was imminent, and then the risk that the jury could improperly convict based on this prejudicial terminology is great.  With all the evidence presented to the jury of defendant's possible flight, the jury could then assess the evidence presented, and make its own inferences and determination of the weight to give the evidence from that point.  *See United States v. Perez-Martinez*, 746 F. App'x 468, 475 (6th Cir. 2018) (in federal court, evidence of flight is admissible to show a defendant's consciousness of guilt when it has genuine probative value and when "juries are given the power to determine how much weight should be given to such evidence.").

A district court has broad discretion in determining whether the danger of admitting evidence substantially outweighs that evidence's probative value.  *See United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).  Here, the term "Go-Bag" has only slight probative value and the danger of unfair prejudice substantially outweighs the term's probative value.  As such, use of the term "Go-Bag" to describe the briefcase is disallowed during witness questioning and the closing remarks.

### III.    Conclusion

It is HEREBY ORDERED the defendant's Motion in Limine is GRANTED.  [Doc. 261].

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

3

Case 2:19-cr-00014-JRG-CRW   Document 281   Filed 04/13/21   Page 3 of 3   PageID #: 3571