UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-14 |
| | ) | |
| XIAORONG YOU | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is the government's motion in limine to preclude certain testimony of J.D. Harriman, [Doc. 254]. The defendant has responded in opposition, [Doc. 273]. The Court held an April 19, 2021 hearing. The matter is now ripe for a decision.

**I.      BACKGROUND**

On August 4, 2020, a federal grand jury returned an eleven-count superseding indictment charging Defendant with conspiracy to commit theft of trade secrets, possession of stolen trade secrets, wire fraud, conspiracy to commit economic espionage, and economic espionage. [Doc. 217].

The charges in the indictment stem from allegations that defendant, a chemical engineer by education and training, orchestrated the theft of trade secret information from her former employers to use in her applications to two prestigious Chinese government-backed grant-like award programs, the Thousand Talents Program and the local provincial Yishi-Yiyi Program. [*Id.*]. The indictment generally alleges that defendant's 2017 applications for these award programs were completely based on the stolen trade secret information. [*Id.*].

The defendant provided a notice of expert testimony that it intended to call J.D. Harriman, a patent attorney from the state of California, to testify about trade secrets and that information related to this case is readily available in the public domain. [Doc. 254-1]. Subsequently, the government moved to exclude portions of Mr. Harriman's testimony, [Doc. 254]. The defendant filed a response, [Doc. 273]. A multi-week jury trial commenced on April 6, 2021 in Greeneville, Tennessee before the undersigned. After

1

hearing the government's case-in-chief, the Court held a hearing outside the presence of the jury to determine if Mr. Harriman's testimony was admissible. During the hearing, the Court heard argument from both parties. The Court ruled from the bench, and this memorandum opinion memorializes and supplements that ruling.

## II. ANALYSIS

The government moves to exclude portions of Mr. Harriman's testimony as irrelevant or improper, namely because portions of the testimony would invade the province of the Court to instruct the jury on the law. [Doc. 254].

First, the government argues that certain portions of Mr. Harriman's proposed testimony should be excluded because Mr. Harriman's definition of a trade secret under the Economic Espionage Act ("EEA") invades the province of the jury and is contrary to law. [*Id.* at 1-2]. More particularly, the government asserts Mr. Harriman inaccurately purports that test results cannot be considered trade secrets under the EEA. [*Id.* at 2]. In her response to this motion, the defendant agrees with the government that an expert is not permitted to testify as to the legal definition of the term "trade secret." [Doc. 273 at 3].

Where a legal term has a distinct meaning, the Court must carefully guard its role as sole law giver. *See United States v. Volkman*, 797 F.3d 377, 388 (6th Cir. 2015) (citing *Torres v. Cnty. Of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)). Under the EEA, the term "trade secret" means:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –
>
> (A) The owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

2

18 U.S.C. § 1839(3).

To the extent that Mr. Harriman testifies that test results cannot be categorized as trade secrets under the EEA, the defendant does not cite any case law that supports this proposition. Although the statutory definition of trade secrets does not explicitly include the phrase "test results," it contains terms such as "compilations, . . . methods, . . . techniques, processes, procedures,[1]" all of which this Court believes would encompass scientific test results. *Id.* In fact, the Court notes that our sister circuits have considered test results, test data, and testing procedures to be trade secrets under the EEA. *See United States v. Yu Xue*, No. 16-22, 2020 WL 5645765, at *n. 6 (E.D. Penn. Sept. 22, 2020) (defendant was convicted under 18 U.S.C. § 1832 for conspiring to acquire trade secrets compromising of experimental test results of GlaxoSmithKline, LLC products); *United States v. Sing*, No. CR 14-212(A)-CAS, 2016 U.S. Dist. LEXIS 651 (C.D. Cal. Jan. 4, 2016) (defendant was convicted under 18 U.S.C. § 1832 for possessing trade secret information of testing procedures and methods, and photographs of the testing of aerospace products owned by Rogerson Kratos company). *See also Worthington Compressors, Inc. v. Costle*, 662 F.2d 45 (D.C. Cir. 1981) (holding that under the Freedom of Information Act in section 5 U.S.C. § 552(b)(4) trade secrets, specifically test results, are exempt from disclosure).

Second, the government challenges Mr. Harriman's proposed testimony relating to damages as irrelevant in this criminal case. [Doc. 254 at 3]. The defendant argues that testimony relating to the alleged loss suffered by the victim companies is important to her sentencing guideline range. The Court finds that

---

[1] Compilation is defined as "the act or process of compiling" and "something compiled." *Compilation*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/compilations (last visited Apr. 16, 2021). Compiled means "gathered together especially from various sources." *Compiled*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/compiled (last visited Apr. 16, 2021). Method is considered to be "a procedure or process for attaining an object: such as a systematic procedure, technique, or mode of inquiry employed by or proper to a particular discipline. . . a way, technique, or process of or for doing something . . . [and] an orderly arrangement, development, or classification." *Method*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/method (last visited Apr. 16, 2021). Technique is defined as "the manner in which technical details are treated . . . [or] a body of technical methods (as in a craft or in scientific research)." *Technique*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/techniques (last visited Apr. 16, 2021). Process means "a series of actions or operations conducing to an end." *Processes*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/processes (last visited Apr. 16, 2021). Procedures is defined as "a particular way of accomplishing something . . . [and] a series of steps followed in a regular definite order." *Procedures*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/procedures (last visited Apr. 16, 2021).

the although loss might be potentially pertinent to defendant's sentencing guideline range at a future date, it is currently not appropriate for the purposes of trial. The government does not have to prove that the owner of the alleged trade secret actually lost money as a result of the alleged theft or unauthorized possession. Instead, the government has to prove the alleged trade secrets have "independent economic value" attributable to the information remaining secret. 18 U.S.C. § 1839(3)(B). Damages is not an element to any of the crimes charged. *See* 18 U.S.C. § 1343, 1831, 1832. *See also* Fed. R. Evid. 401 (defining relevant evidence as that "having any tendency to make a fact more or less probable than it would be without the evidence" and "of consequence in determining the action.").

Last, the government argues that Mr. Harriman's proposed testimony about the validity of victims' patents is not an issue in this case, is irrelevant, and would only serve to confuse the jury. [Doc. 254 at 3-4]. The government acknowledges that Mr. Harriman may opine as to whether publicly available patents or patent applications disclose information that the government alleges is trade secret information. [*Id.*]. The defendant agrees and asserts that Mr. Harriman will testify "that certain information alleged to be a trade secret by the trade secret owners in this case is readily available in the public domain, in the form of published documentation including patents, patent applications, [and] articles[2]." [Doc. 273 at 3-4]. The Court finds Mr. Harriman's testimony as to his opinions as to the specific information available in the public domain, including matters of public record filed with the United States Patent and Trademark Office, is relevant and admissible. To the extent that Mr. Harriman testifies that the alleged victim companies have violated a duty of disclosure in the filing and prosecution of certain patents, the Court finds this testimony inadmissible and irrelevant. *See* Fed. R. Evid. 401. The fact that some patents might not be valid does not affect the fact that a patent filed with the United States Patent and Trademark Office remains part of the public record.

### III. CONCLUSION

---

[2] This memorandum opinion was based on the briefing of the parties and the expert disclosure provided in the initial motion. During the Court's hearing, it came to light that there was a revised expert disclosure that omits testimony on this topic.

4

For the reasons stated above in the memorandum opinion, after a review of the record and a hearing, the government's motion in limine to preclude certain testimony of J.D. Harriman is **GRANTED**. [Doc. 254].

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE