UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-14 |
| | ) | District Judge Greer |
| XIAORONG YOU | ) | |
| aka SHANNON YOU | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING SENTENCING**

On February 7, the government filed its sentencing memorandum in this case. (Docket No. 398.) Later that same day, Dr. You filed her memorandum. (Docket No. 400.) At the close of the February 22 sentencing hearing, after hearing argument as to intended loss, the Court continued the sentencing hearing to May 9 so that the Court could determine the loss amount pursuant to U.S. Sentencing Guidelines §2B1.1(b)(1). (Docket No. 412.)

The government now files this brief supplemental memorandum addressing a number of cases cited by Dr. You in her February 7 sentencing memorandum and their relevance to the appropriate sentence in this case.[1] The government continues to recommend that Dr. You be sentenced to a term of imprisonment of 240 months (i.e., the statutory maximum term of imprisonment for each count of conviction, with all sentences running concurrently). *See generally* Docket No. 398.

Dr. You spent about ten pages of her sentencing memorandum listing fifteen trade secret theft cases with relatively lenient sentences. She was apparently arguing that those fifteen cases were so similar to her case that a sentence anywhere near the applicable Guidelines range would

---

[1] As of this date, the applicable §2B1.1(b)(1) loss amount remains at issue. The government files this memorandum in advance of the approaching May 9 continued sentencing hearing to ensure the Court has all that it needs from the government's perspective to resolve any remaining issues.

result in an unwarranted disparity—contrary to 18 U.S.C. § 3553(a)(6)—when compared with defendants with similar records who have been found guilty of similar conduct. Docket No. 400 at 35–44. Of course, the Sixth Circuit has held that the Court need only accurately calculate the Guidelines range to avoid an unwarranted disparity under 18 U.S.C. § 3553(a). *See United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021) ("For when a district court correctly [calculates the Guidelines range], it has 'necessarily taken into account the need to avoid unwarranted sentence disparities, viewed nationally.'" (quoting *United States v. Houston*, 529 F.3d 743, 754 (6th Cir. 2008)). But even setting that fact aside, the fifteen cases cited by Dr. You do not resemble her case:

- First, *none* of the fifteen cases cited by Dr. You involve a conviction for economic espionage (18 U.S.C. § 1831); all of those defendants were convicted of the less serious offense of trade secret theft (§ 1832). Because the Guidelines indicate that offenses committed to benefit a foreign government (e.g., economic espionage) should receive longer sentences than other offenses, *see* U.S.S.G. §2B1.1(b)(14)(B), sentences for defendants convicted only of trade secret theft are not relevant to disparity concerns.[2]
- Second, nine of the fifteen cases cited by Dr. You involved guilty pleas (two of which were pre-indictment),[3] indicating a meaningful acceptance of responsibility on the

---

[2] The government also notes that other defendants convicted of trade secret theft under § 1832 have received more serious within-Guidelines sentences. *See, e.g.*, *United States v. Weiqiang Zhang*, Case No. 2:13-cr-20134, Docket No. 254 (D. Kan. 2018) (government argued for intended loss of over $25 million (+22), and defendant sentenced to 121 months of imprisonment, including 120 months as to § 1832).

[3] The nine guilty-plea cases were those for defendants Li Chen, Jun Xie (pre-indictment), Tezock, Levandowski, Hongjin Tan, Yang, Zhang, Grande (pre-indictment), and Wenfeng Lu. *See* Docket No. 400 at 36–44.

part of each defendant that the court could properly consider in issuing a lenient sentence. To date, the government has seen no indication that Dr. You has accepted *any* responsibility for her crimes or expressed *any* remorse, so these nine defendants' cases are even less relevant to any disparity analysis.

- o Moreover, four of those nine pleas were pursuant to Rule 11(c)(1)(C), indicating that the government agreed to a more lenient sentence due to factors specific to those cases (factors which are not present in Dr. You's case).[4]

As noted above, in order to avoid unwarranted sentencing disparities, the Court is required only to accurately calculate and consider the Guidelines range. However, if the Court *did* want to look to individual analogous cases, it could look at sentences following trial convictions for economic espionage (§ 1831). The government has identified three such sentences:

- *United States v. Dongfan Chung*, Case No. 8:08cr24 (C.D. Cal. 2010): Dongfan Greg Chung was convicted on seven counts of violating § 1831 (among other counts) following a bench trial. The government's recommendation as to §2B1.1 loss was $35 million (+22). Chung was sentenced to 188 months of imprisonment, including concurrent 180-month sentences for each of the 1831 counts.

- *United States v. Walter Liew*, Case No. 11cr573 (N.D. Cal. 2018): Walter Liew was convicted on two counts of violating § 1831 (among other counts) following a jury trial. §2B1.1 loss was $28 million (+22). Liew was ultimately sentenced to 144

---

[4] Rule 11(c)(1)(C) plea agreements were docketed for defendants Li Chen, Tezock, Hongjin Tan, and Zhang. *See* Docket No. 400 at 36–38, 40.

months of imprisonment, with concurrent 120-month sentences for each of the 1831 counts.

- *United States v. Hao Zhang*, Case No. 15cr106 (N.D. Cal. 2020): Hao Zhang was convicted of multiple counts of violating §§ 1831 and 1832 following a bench trial. The government's recommendation as to §2B1.1 loss was $250,000 to $550,000 (+12). The government calculated Zhang's Guidelines range as 41–51 months of imprisonment. Zhang was sentenced to 18 months of imprisonment.

The government's estimated §2B1.1 loss attributable to Dr. You—approximately $220 million—is at least <u>six times</u> that for any of the above defendants. The Guidelines have identified §2B1.1 loss as one proxy for the seriousness of the offense, and Dr. You's crimes were indeed quite serious. Accordingly, a sentence of 240 months of imprisonment would not result in any unwarranted disparities, in compliance with 18 U.S.C. § 3553(a)(6).

Respectfully submitted this 27th day of April 2022.

> FRANCIS M. HAMILTON III
> UNITED STATES ATTORNEY
>
> By: */s/ Matthew R. Walczewski*
> Matthew R. Walczewski (IL Bar #6297873)
> Senior Counsel, U.S. Department of Justice
> Criminal Division
> Computer Crime & Intellectual Property
> Section (CCIPS)
> John C. Keeney Building, Suite 600
> Washington, DC 20530
> (202) 514-1983
> Email: matthew.walczewski@usdoj.gov
>
> By: */s/ Nicholas O. Hunter*
> Nicholas O. Hunter (DC Bar # 1022355)
> Trial Attorney
> U.S. Department of Justice
> National Security Division

4

950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Email: nicholas.hunter@usdoj.gov

By: */s Mac D. Heavener III*
Mac D. Heavener, III, FL Bar #0896748
Assistant United States Attorney
220 West Depot Street, Suite 423
Greeneville, TN 37743
(423) 639-6759
Email: Mac.Heavener@usdoj.gov