UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| | No. 2:19-cr-14 |
| v. | |
| | Judge Greer |
| XIAORONG YOU, | |
| Defendant. | |

**JOINT MOTION FOR RECONSIDERATION**

The Court recently scheduled a resentencing hearing and ordered the parties to file briefs regarding their proposed intended-loss calculations. (Docs. 443, 444, 445, Orders.) The parties jointly request the Court to reconsider and vacate those orders as prematurely entered because jurisdiction has not yet returned to this Court from the Sixth Circuit Court of Appeals.

A jury convicted defendant of multiple offenses related to her theft of trade secrets, and this Court sentenced her to 168 months in prison. (Doc. 422, Judgment.) She appealed, and—on July 11, 2023—the Sixth Circuit affirmed her convictions, vacated her sentence, and remanded for resentencing. (Doc. 442, Sixth Circuit Opinion.) The Sixth Circuit has not yet issued its mandate, however, and defendant has filed a petition for rehearing en banc.

It is well-settled that "the filing of [a] notice of appeal . . . deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). It is equally well-settled that only the appellate court's issuance of its mandate returns jurisdiction to the district court. *E.g.*, 6th Cir. I.O.P. 41(a) (describing the mandate as "the document by which [the Sixth Circuit] relinquishes jurisdiction and authorizes the originating court . . . to enforce [the Sixth Circuit's] judgment"); *United States v. Sutton*, 862 F.3d 547, 558 (6th Cir. 2017) (a "district court regains jurisdiction" when "the mandate is

received and filed by the district court"); *United States v. Young*, 657 F.3d 408, 412 (6th Cir. 2011) (recognizing that a "case could continue" in the district court only after the mandate issued). That critical event has not yet happened in this case and will not occur until after the Sixth Circuit rules on defendant's petition for rehearing en banc. *See* Fed. R. App. P. 41(b). Until then, this Court lacks authority to proceed in this case.

The parties thus ask this Court to reconsider and vacate its recent orders.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: */s/ Matthew R. Walczewski*
Matthew R. Walczewski (IL Bar #6297873)
Senior Counsel, U.S. Department of Justice
Criminal Division
Computer Crime & Intellectual Property
Section (CCIPS)
John C. Keeney Building, Suite 600
Washington, DC 20530
(202) 514-1983
Email: matthew.walczewski@usdoj.gov

By: */s/ Nicholas O. Hunter*
Nicholas O. Hunter (DC Bar # 1022355)
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Email: nicholas.hunter@usdoj.gov

By: */s Mac D. Heavener III*
    Mac D. Heavener, III, FL Bar #0896748
    Assistant United States Attorney
    220 West Depot Street, Suite 423
    Greeneville, TN 37743
    (423) 639-6759
    Email: Mac.Heavener@usdoj.gov


By: */s Corey B. Shipley*
    Corey B. Shipley, BPR No. 132772
    Collins Shipley, PLLC
    102 S. Main Street
    Greeneville, TN 37743
    (423) 972-4388
    Email: corey@collinsshipley.com


By: */s Curt Collins*
    Curt Collins, BPR No. 030111
    Collins Shipley, PLLC
    102 S. Main Street
    Greeneville, TN 37743
    (423) 972-4388
    Email: curt@collinsshipley.com